E-FILED
Friday, 09 September, 2016  11:30:45 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

PAUL CHATMAN,                      )
                                   )
              Plaintiff,           )
                                   )
v.                                 )          16-1184
                                   )
ILLINOIS DEPT. OF CORRS., *et al.* )
                                   )
              Defendants.          )

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Illinois River Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment claims related to a group strip search and shakedown. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff is currently incarcerated at Illinois River Correctional Center ("Illinois River"). Plaintiff alleges that on April 30, 2014, he and approximately 50 other inmates were strip-searched at the same time. Plaintiff alleges that Defendant Adams, a correctional sergeant, conducted a strip search on him in a "gated shower open in visual access to all [passersby]." Plaintiff alleges that at least three (3) female correctional officers witnessed the search. Plaintiff alleges he was ordered to expose and manipulate his genitals and "bend over and spread." In

addition to a constitutional violation, Plaintiff alleges this search violated the Illinois Administrative Code.

Plaintiff alleges that after the strip search, he was forced outside in 30-degree weather for at least 90 minutes in minimal clothing. Plaintiff alleges that he was forced to stand with his body against a cold metal gate while, at some point, water sprayed onto his body from an opened fire hydrant. Plaintiff alleges Defendants Bleaker and Albright, both correctional sergeants, ignored his complaints of pain and uncomfortably cold conditions.

Plaintiff alleges that when he returned to his cell, urine was in and on the toilet and on the floor. From this observation, Plaintiff concludes that prison officials had used his toilet as a communal restroom while the strip searches were conducted. Plaintiff alleges he was denied cleaning supplies thereafter. Plaintiff also alleges that he was denied medical treatment after the chills he experienced did not subside after 40 minutes.

## ANALYSIS

### Strip Search Claims

Strip searches may violate the Eighth Amendment if "the strip search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). A strip search "conducted in a harassing manner intended to humiliate and cause psychological pain" can also violate the Constitution, regardless of whether a legitimate reason for the search exists. *Id.*

Plaintiff does not allege that the strip search lasted longer than was necessary, or that any Defendant made sexually charged or demeaning comments while conducting the search. Plaintiff's allegations that the search was conducted in a gated shower suggest that he had some

privacy during the search.  Plaintiff does not allege that he was forced to expose his body to anyone other than the guards who were present.  Instead, Plaintiff alleges that the mere presence of female officers during the search violated his constitutional rights.

*Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995), upheld a district court's dismissal of a male detainee's claims where a female guard monitored the detainee while he was naked.  The Seventh Circuit noted that nothing about the detainee's claims indicated that he was subjected to the type of calculated harassment that qualifies as unconstitutional punishment, and that legitimate reasons (equal protection and Title VII) existed for the employment of women in all aspects of prison operations.  *Id.* at 147.

Like in *Johnson*, nothing here suggests that the female guards' presence during Plaintiff's strip search was anything more than routine prison administration.  Given the number of inmates Plaintiff alleges were being searched at one time, a requirement that only male officers be present does not appear to be reasonable in light of the concerns attendant to prison administration.  Plaintiff does not allege the female prison guards did anything other than stand nearby during the search.  Plaintiff's allegations fail to allege the type of conduct that has been found to state a claim under the Eighth Amendment.  *Compare King*, 781 F.3d at 893-94 (prisoner forced to wear a see-through jumpsuit that exposed his buttocks for several hours during transport to another facility while other prisoners were not required to wear similar jumpsuits and guards responded to prisoner's complaints with laughter); *Mays v. Springborn*, 575 F.3d 643, 645 (7th Cir. 2009) (reversing summary judgment for prison officials where prisoner strip searched in front of other inmates by guards who did not change latex gloves between searches of inmates and made demeaning comments during searches); *Canedy v.*

*Boardman*, 16 F.3d 183, 184 (7th Cir. 1994) (male prisoner strip searched by two female guards while ten (10) male guards stood by and watched).

In addition, a prison official's violation of a state administrative rule does not give rise to a federally enforceable right. "[T]he Constitution does not compel states to follow their own laws." *Allison v. Snyder*, 332 F.3d 1076, 1078 (7th Cir. 2003) (citations omitted). "Nor does it permit a federal court to enforce state laws directly." *Id.* at 1079. Therefore, the Court finds that Plaintiff fails to state a constitutional claim on the strip search allegations.

### Conditions of Confinement Claims

The standard for analyzing a conditions-of-confinement claim in the corrections context is well-established: a prison official is liable for denying a prisoner of his or her basic human needs, but only if the official is aware of and deliberately indifferent to an objectively serious risk of harm. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). The court must first determine whether the conditions at issue were "sufficiently serious" such that "a prison official's act or omission result[ed] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 832, 834 (1994) (internal quotation marks omitted); *see also Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Occasional discomfort is "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (Jail conditions may be uncomfortable and harsh without violating the Constitution). Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." *Henderson v. Sheahan,* 196 F.3d 849, 845 (7th Cir.1999) (quoting *Hudson*, 503 U.S. at 9).

Plaintiff alleges that he was exposed to cold outdoor temperatures for 90 minutes while handcuffed and wearing minimal clothing. Plaintiff does not allege any specific facts that

support an inference that he was forced to endure these conditions for reasons other than legitimate penological interests.  At any rate, Plaintiff alleges only that he experienced chills after he was allowed back into his cell, without any allegations of lasting physical harm.  In addition, Plaintiff does not allege that he was deprived cleaning supplies for his cell for an unreasonable length of time, just that his requests for such were not immediately fulfilled.

As to the alleged denial of medical treatment, experiencing chills for 40 minutes is not an objectively serious medical need for purposes of the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need); *See King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) ("An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal quotations omitted)).

Therefore, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and that any amendment would be futile.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any amendment to the Complaint would be futile.  This case is therefore terminated.  All pending motions are denied as moot.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A**

**motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 9th day of September, 2016.


_____
*s/Joe B. McDade*
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE